IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jermaine B. Wright, | ) | Case No. 8:11-cv-2716-MGL-JDA |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| v. | ) | |
| | ) | |
| | ) | |
| State of South Carolina; Warden Michael | ) | |
| McCall,[1] | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment.
[Doc. 27.]  Petitioner, proceeding pro se, is a state prisoner who seeks relief pursuant to
Title 28, United States Code, Section 2254.  Pursuant to the provisions of Title 28, United
States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate
judge is authorized to review post-trial petitions for relief and submit findings and
recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on October 4, 2011.[2]  [Doc. 1.]
On March 5, 2012, Respondent filed a motion for summary judgment and a return and
memorandum.  [Docs. 27, 28.]  On March 6, 2012, the Court filed an Order pursuant to
*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Petitioner of the summary

_____

[1] Because a prisoner's custodian is the proper respondent in a habeas corpus action, *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004), Respondent State of South Carolina was terminated as a party on November 9, 2011, as directed by the Court's Order authorizing service of process.  [Doc. 9.]  Accordingly, throughout this Report and Recommendation the Court refers to Respondent Warden Michael McCall as "Respondent."

[2] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on October 4, 2011.  [Doc. 1-3 (envelope stamped as received by prison mailroom on October 4, 2011).]

judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 29.] On March 27, 2012, Petitioner filed a response in opposition. [Doc. 31.]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is presently confined at the Perry Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Berkeley County Clerk of Court. [Doc. 1 at 1.] Petitioner was indicted at the July 2001 term of the Berkeley County Grand Jury for murder. [App. 113–14.[3]] On April 1, 2002, represented by J. Mitchell Lanier ("Lanier") and Michael A. Brown ("Brown"), Petitioner pled guilty as indicted.[4] [App. 1–25.] Petitioner was sentenced to 30 years imprisonment. [App. 24.]

**Direct Appeal**

Petitioner filed a pro se notice of appeal. [Doc. 28-2.] On May 29, 2002, the South Carolina Court of Appeals dismissed the appeal for Petitioner's failure to comply with the court's instructions provided in Rule 203 of the South Carolina Appellate Court Rules, as requested by a letter from the court to Petitioner. [App. 26–27; Doc. 28-3.] Remittitur was issued on July 11, 2002. [App. 28–29; Doc. 28-4.]

---

[3] The Appendix can be found at Docket Entry Number 28-1.

[4] Petitioner pled guilty after a jury was selected for trial of his case. [App. 3.]

**PCR Proceedings**

### *First PCR Application*

On March 26, 2003, Petitioner filed a pro se application for post-conviction relief ("PCR"). [App. 30–36.] As his grounds for relief, Petitioner alleged ineffective assistance of counsel and involuntary, unintelligent guilty plea. [App. 31.] He alleged the following as the facts supporting his grounds for relief, quoted substantially verbatim:

> (a) Trial counsel do sufficint preperation prior to plea, did not hold enoughs confrences.
>
> (b) Trial counsel waivered preliminary hearing without my concent the day of the hearing.
>
> (c) Trial counsel did not discuss the nature extent of which State had against me.
>
> •   Trial counsel withheld state evidence specifically exculpatory evidence
>
> •   Trial counsel did not fully investigate all possible defense
>
> •   Trial counsel refused to go to trial.
>
> •   Trial counsel made a prejudice statement; which made me feel as though I would not have a fair trial.
>
> •   Trial counsel did not advise me of my right to appeal.
>
> •   Trial counsel pressured me into guilty plea.

[App. 32, 36.] On December 16, 2003, a hearing was held on Petitioner's PCR application, where Petitioner was represented by Francis X. McCann and testimony was received from Petitioner and Lanier. [App. 51–96.] At the conclusion of the hearing, the PCR court issued an oral order denying relief. [App. 95.] On January 26, 2004, the PCR court issued a written order denying and dismissing Petitioner's PCR application. [App. 97–112.]

On October 11, 2004, Tara S. Taggart of the South Carolina Office of Appellate Defense filed a petition for writ of certiorari to the South Carolina Supreme Court on Petitioner's behalf.  [Doc. 28-5.]  The petition raised the following as the sole question presented:

> Whether the lower court erred in ruling that petitioner knowingly, voluntarily, and intelligently waived his right to a direct appeal.

[*Id.* at 3.]  On November 17, 2005, the South Carolina Supreme Court entered an order denying the petition for writ of certiorari.  [Doc. 28-7.]  Remittitur was issued on December 6, 2005.  [Doc. 28-8.]

### Second PCR Application

On January 22, 2009, Petitioner filed a second PCR application.  [Doc. 28-9.] Petitioner raised the following as grounds for relief:

(a) Newly discovered evidence - error of court

(b) Unintelligent, unknowing guilty plea

(c) Ineffective assistance of counsel

[*Id.* at 2.] Petitioner listed the following as the facts supporting his grounds for relief, quoted substantially verbatim:

(a) Court errored in not informing of all punishments imposed

(b) State withheld evidence (exculpator evidence)

C.) Court remains silent on certian issues.

D.) Involuntary, unintelligent, unknowingly guilty plea.

E.) In effective assistance of counsel - lack of preporation.

F.) Counsel fails to investigate all plausible lines of defense.

4

G.) Counsel fails to secure applicants right to preliminary hearing.

H.) Counsel fails to advise and secure and perfect direct appeal.

I.) Counsel overlooks defects in warrant.

J.) Lack of subject matter jurisdiction (sham legal process of indictment).

K.) Counsel overlooks defects in indictment <no stamp of true bill>.

L.) Indictment fails to allege all essential elements of the crime.

[*Id.* at 2, 6; *see also id.* at 7–24 (expounding on arguments related to each ground for relief and the supporting facts).] On February 5, 2010, the PCR court issued a conditional order of dismissal, finding Petitioner's application should be summarily dismissed as successive and untimely; further, the PCR court found Petitioner had failed to demonstrate the alleged newly discovered evidence met any of the requirements for after-discovered evidence. [Doc. 28-11.] Petitioner filed two responses to the conditional order of dismissal. [Docs. 28-12, 28-13.] On April 2, 2010, the PCR court issued a final order of dismissal, concluding the application should be dismissed because Petitioner failed to present a sufficient reason for filing a successive and untimely application and to establish a claim based on newly discovered evidence. [Doc. 28-14.]

### Third PCR Application

On May 24, 2010, Petitioner filed a third PCR application. [Doc. 28-15.] He raised the following as grounds for relief:

(a) Newly discovered evidence

(b) Lack of jurisdiction on the court

5

(c) Prosecutorial misconduct.

[*Id.* at 3.]  Petitioner stated the following as the facts supporting his grounds for relief, quoted substantially verbatim:

> (a) See exhibit(s) #1, #2, #3, no grand jury proceeding discovered June 26, 2009 see arguments
>
> (b) See exhibits #1, #2, #3, court entertained applicants case on a false document see arguments
>
> (c) Prosecutor willfully frauded indictment: see exhibit(s) #1, #2, #3 ⇒ see arguments

[*Id.*]  On November 22, 2010, the PCR court issued a conditional order of dismissal, finding Petitioner's application should be summarily dismissed as successive and untimely; further, the PCR court found Petitioner had failed to demonstrate the alleged newly discovered evidence met any of the requirements for after-discovered evidence.  [Doc. 28-17.] Petitioner filed two documents construed as responses to the conditional order of dismissal. [Docs. 28-18, 28-19.]  On April 29, 2011, the PCR court issued a final order of dismissal, concluding the application should be dismissed because Petitioner failed to present a sufficient reason for filing a successive and untimely application and to establish a claim based on newly discovered evidence.  [Doc. 28-20.]

Petitioner, proceeding pro se, appealed the dismissal of his third PCR application to the South Carolina Supreme Court.[5]  On August 3, 2011, the Supreme Court issued an order dismissing the appeal.  [Doc. 28-21.]  Petitioner filed a motion for reconsideration, which the court denied on September 8, 2011.  [Doc. 28-22.]  Remittitur was issued on September 8, 2011.  [Doc. 28-23.]

---

[5] A copy of Petitioner's appeal is not in the record before this Court.

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on October 4, 2011 pursuant

to 28 U.S.C. § 2254. [Doc. 1.] Petitioner raises the following grounds for relief, quoted

substantially verbatim:

| | |
|---|---|
| **Ground One:** | Newly discovered evidence – no grand jury convened discovered June 26, 2009. |
| *Supporting Facts:* | I was to be indicted on July 25, 2001, in a Court of General Sessions. According to § 14-5-740 there is no court legislated to be held that week. And according to South Carolina Court of Administrations court calender for Berkeley County there was no Court of General Session for the grand jury to convene, on the day it swore upon its oath that it convened. |
| **Ground Two:** | Lack of jurisdiction upon the court. |
| *Supporting Facts:* | Without a legal indictment returned by a legally qualified grand jury the court is without authority to act or convict Petitioner on a false document • which deprives the court of its jurisdiction • |
| **Ground Three:** | Prosecutorial misconduct |
| *Supporting Facts*: | Prosecutor knew there was no Court of General Session at the time the indictment was to be handed down. He still presented knowingly the false document, clothes informal procedure, to the court as if it was done properly. He commits purjury by bringing false testimony to the court, which is unethical. |
| **Ground Four**: | Lack of subject matter jurisdiction upon the court |
| *Supporting Facts*: | Applicant contended the validity of indictment, as to the presentment to grand jury and the proper process to gain the indictment to give the courts jurisdiction. |
| **Ground Five**: | Court remains silent on certain issues. |

*Supporting Facts*:    Court denied relief in first Post Conviction Relief and did not address certian issues with facts of law and remained silent.

**Ground Six**:    Ineffective assistance of counsel, lack of preporation and failure to investigate all plausible lines of defense.

*Supporting Facts*:    Counsel admits that this was triable case, with the elements of self-defense and accidental shooting, but he did not raise any of these defenses nor told me about then and insisted I take a plea.

**Ground Seven**:    Counsel fails to secure preliminary hearing

*Supporting Facts*:    I was given notice to preliminary hearing for July 6, 2001. I nor counsel never went to hearing and one was never held.

**Ground Eight**:    Counsel overlooks flaws in the indictment

*Supporting Facts*:    Face of indictment is blank there is no stamp of true bill or any other markings on its face to show that any actions were taken to properly process indictment, and indictment fails to allege an essential element of the crime. Such as time and place of death.

**Ground Nine**:    Counsel failed to advise of, secure, and perfect a direct appeal.

*Supporting Facts*:    Counsel admitts in post conviction hearing that it is not his normal practice of advising defendants of their right to appeal.

**Ground Ten**:    Involuntary, unintelligent, unknowingly guilty plea

*Supporting Facts*:    Counsel states that I had no other choice and he fails to present any line of defense to my self nor the court. And then he acknowledges that this is a triable case with affirmative defenses. Had this information been presented before me I would have never took a plea.

**Ground Eleven**:    Counsel did not do sufficient preporation nor did he fully investigate all possible defenses.

*Supporting Facts*: Counsel admit that this is a triable case and there are plausible lines of defenses but he does not inform me of them nor does he present any to the courts.

**Ground Twelve**: Counsel did not secure preliminary hearing

*Supporting Facts*: Preliminary hearing was scheduled for July 6, 2001 Counsel state he knew nothing of it.

**Ground Thirteen**: Exculpatory evidence was witheld.

*Supporting Facts*: Partial palm print found on weapon. It was never disclosed as to who prints they were, but they were not mine.

**Ground Fourteen**: Counsel made prejudicial statement

*Supporting Facts*: He told me, himself, that he believed me guilty

[*Id.*] As previously stated, on March 5, 2012, Respondent filed a motion for summary judgment. [Doc. 28.] Petitioner filed a response in opposition on March 27, 2012. [Doc. 31.] Accordingly, Respondent's motion is now ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could

prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at

252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude

granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355,

365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over

facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment.  Factual disputes that are irrelevant or

unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.  Further, Rule 56 provides

in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed
> must support the assertion by:
>
> > (A) citing to particular parts of materials in the record,
> > including depositions, documents, electronically stored
> > information, affidavits or declarations, stipulations
> > (including those made for purposes of the motion only),
> > admissions, interrogatory answers, or other materials;
> > or
> >
> > (B) showing that the materials cited do not establish the
> > absence or presence of a genuine dispute, or that an
> > adverse party cannot produce admissible evidence to
> > support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to

the non-movant, he must produce existence of a factual dispute on every element essential

to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28

U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,*

134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief

12

to the state courts.  A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

*Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)   (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)   (I) there is an absence of available State corrective process; or
> >
> > > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the

exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[6] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

---

[6]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts

have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing

*Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

### Statute of Limitations

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D).  However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)).  In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit.  *Id.* at 417.  Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418).

Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id.* at 2563.

**DISCUSSION**

Respondent contends the Petition is time-barred and that Petitioner is not entitled to equitable tolling. [Doc. 28 at 24–27.] The Court agrees.

**Expiration of Limitations Period**

The South Carolina Court of Appeals issued remittitur in Petitioner's direct appeal on July 11, 2002 [App. 28–29; Doc. 28-4], and Petitioner did not seek further review. Consequently, Petitioner had one year from July 11, 2002 to file a federal habeas petition. 28 U.S.C. § 2244(d)(1); *Holland*, 130 S. Ct. at 2558; *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009); S.C. App. Ct. R. 221(b), 242(c) (addressing the time limits in which to seek rehearing by the South Carolina Court of Appeals and a writ of certiorari from the South Carolina Supreme Court, as well as when the Court of Appeals should issue remittitur). Petitioner filed a PCR application on March 26, 2003 [App. 30–36], such that 258 days of the one-year limitations period had expired before Petitioner filed his PCR application. The one-year period in which to file a federal habeas petition is tolled during the pendency of a PCR application or other collateral relief properly filed in state court, 28 U.S.C. § 2244(d)(2), and thus, the statute of limitations was tolled during the period the PCR application was pending—from March 26, 2003 until December 6, 2005, when the South Carolina Supreme Court issued remittitur in the appeal from the denial of Petitioner's PCR application [Doc. 28-8]. Therefore, the one-year limitations period began to run again on December 6, 2005 and expired 107 days later on March 23, 2006.

Petitioner filed his second PCR application on January 22, 2009 [Doc. 28-9], well after the limitations period expired. Further, the PCR court determined the second PCR application was untimely and successive. [Doc. 28-14.] Petitioner filed a third PCR application on May 24, 2010 [Doc. 28-15], also outside of the limitations period, which the PCR court denied as untimely and successive [Doc. 28-20]. Moreover, the South Carolina Supreme Court dismissed Petitioner's appeal of the denial of his third PCR application. [Doc. 28-21; *see also* Doc. 28-22 (denying Petitioner's motion for reconsideration).] Therefore, because the second and third PCR applications were filed outside the AEDPA limitations period and the South Carolina courts determined these applications were not properly filed, Petitioner's second and third PCR applications did not additionally toll the one-year AEDPA limitations period. As a result, the Petition—filed on October 4, 2011, more than five years after the expiration of the limitations period—is time-barred.[7]

**Equitable Tolling**

Petitioner argues he is entitled to equitable tolling for the following reasons, quoted substantially verbatim:

---

[7] Petitioner argues the statute of limitations does not apply to him because "he is within the proper time allot[t]ed for newly discovered evidence." [Doc. 31 at 14.] Petitioner argues he discovered new evidence on June 26, 2009—that he was not indicted by a legally qualified grand jury—and he has been asserting a newly discovered evidence claim since February 8, 2010, which is within the one year period for newly discovered evidence claims. [*Id.*] Liberally construing Petitioner's argument, Petitioner argues his claims are subject to 28 U.S.C. § 2244(d)(1)(D), which states that, if this date is the latest, the AEDPA one-year statute of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Thus, Petitioner argues the statute of limitations began to run on June 26, 2009 and was tolled during the time his second and third PCR applications, in which he raised his claim of newly discovered evidence, were pending. The Court disagrees; Petitioner has failed to present facts to support his claim that he was not indicted by a legally qualified grand jury—the record fails to reflect facts that would support such a claim. On June 26, 2009, Petitioner received from the office of South Carolina Court Administration a copy of the July 2001 terms of court for Berkeley and Charleston counties. [Doc. 28-12 at 4–5.] The calendar fails to establish that there were no grand jury proceedings on July 25, 2001, the date of Petitioner's indictment. [*Id.* at 6.] Therefore, Petitioner has failed to establish that § 2244(d)(1)(D) applies.

(1) He has been pursuing his rights diligently. Petitioner has tried raising this issue of lack of jurisdiction, fraudulent indictment since writ of certiorari, 2004.

(2) Hybrid representation prevented Petitioner from filing this issue earlier.

(3) Extraordinary circumstance prevented timely filing. Clerk of Court refused to respond to Petitioners request for grand jury schedule, proceedings, and indictment information.

(4) State withheld the evidence Petitioner seeked until the Court of Administration revealed it on June 26, 2009, which prevented Petitioner from filing properly and timely. This is a clear violation of Brady supra and F.O.I.A.

[Doc. 31 at 14–15.] The Court concludes Petitioner has failed to demonstrate he is entitled to equitable tolling.

As the United States Supreme Court has recognized:

Under our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L.Ed. 955 (1880)). . . . Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984).

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 96 (1990) (footnotes omitted). The Fourth Circuit has underscored the very limited circumstances in cases subject to the AEDPA where equitable tolling will be permitted, holding a habeas petitioner "is only

entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).[8]

Here, although Petitioner expresses his equitable tolling argument in the words used by the Fourth Circuit, Petitioner has failed to demonstrate extraordinary circumstances beyond his control, or external to his own conduct, prevented him from timely filing the Petition. Petitioner submitted several letters in support of his equitable tolling argument, but the earliest letter pertaining to the alleged newly discovered evidence is dated October 8, 2006 [Doc. 31-1 at 6], after the limitations period expired on March 23, 2006. Petitioner

---

[8] Other courts of appeals have similarly expressed that equitable tolling of the AEDPA statute of limitations is to be employed sparingly. *See, e.g.*, *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "'attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling'" (citation omitted)); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ( "[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the petitioner's] habeas petition in the district court within the one-year limitations period."); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition from Atlanta to Miami less than a week before it was due); *see also Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect." (citation omitted)).

has failed to explain whether he pursued this claim prior to October 2006. Further, Petitioner's submissions fail to indicate the grand jury information was deliberately withheld from him. [*See* Doc. 31-1 at 7; *see also* Doc. 28-12 at 4–5 (letter from South Carolina Court Administration providing the terms of family and circuit court for Berkeley County in July 2001, included in Petitioner's first response to the PCR court's conditional dismissal of his second PCR application).] Therefore, the Court concludes Petitioner has failed to demonstrate he is entitled to equitable tolling, and the Petition should be dismissed as time-barred.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

July 20, 2012
Greenville, South Carolina